UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG DOME,<br><br>                            Plaintiff,<br>    vs.<br><br>GOVERNOR OF CALIFORNIA, *et al.*,<br><br>                           Defendants. | CASE NO. 08cv1759-L (NLS)<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

      On September 24, 2008 Plaintiff Greg Dome, proceeding *pro se*, filed a complaint against the Governor of California and seven other Defendants claiming civil rights violations. On June 17, 2009 the court *sua sponte* set the case for an order to show cause hearing because Plaintiff failed to serve the complaint. Due to Plaintiff's hospitalization, the time to serve was twice extended by orders filed July 28 and September 8, 2009. Subsequently, Plaintiff did not attempt to serve any Defendant other than the Governor of the State of California. The Governor filed a motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), insufficient process pursuant to Rule 12(b)(4), insufficient service of process pursuant to Rule 12(b)(5), and failure to state a claim pursuant to Rule 12(b)(6). In the alternative, he seeks a more definite statement pursuant to Rule 12(e). Plaintiff did not file an opposition.

      The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). It possesses only that power authorized by the

1  Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541
2  (1986). A federal court must satisfy itself of its jurisdiction over the subject matter before
3  proceeding to the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577,
4  583 (1999). The plaintiff bears the burden of demonstrating that jurisdiction is properly
5  before the court. *See Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730,
6  733 (9th Cir. 1979).

7      On the Civil Cover Sheet, but not in the complaint itself, Plaintiff indicated that the
8  court has federal question jurisdiction and that this is a civil rights case involving housing
9  and accommodations. The complaint itself lacks the requisite "short and plain statement of
10 the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The complaint consists
11 almost entirely of an attached claim which was apparently unsuccessfully submitted to the
12 Victim Compensation and Government Claims Board. While the claim lists the "Federal
13 Civil Rights Act," "Privacy & Equal Protection Laws," "Federal Fair Housing Act," and
14 "Americans with Disabilities Act," in a lengthy list of various statutes (attachment to the
15 Complaint at 11), these federal statutes are not connected to any factual allegations. It is
16 therefore not apparent how or whether this case arises under the Constitution or laws of the
17 United States. *See* 28 U.S.C. § 1331. The Governor's motion to dismiss under Rule
18 12(b)(1) is therefore **GRANTED**. Pursuant to 28 U.S.C. Section 1653, Plaintiff is granted
19 leave to file an amended complaint to provide the requisite jurisdictional allegations.

20     The Governor also argues that service should be quashed for failure to properly
21 serve Defendants with process and the complaint dismissed for failure to timely serve.
22 Plaintiff did not attempt to serve any Defendant other than the Governor. Accordingly,
23 pursuant to Rule 4(m) and the September 8, 2009 order of this court, the complaint is
24 **DISMISSED WITHOUT PREJUDICE** as to all Defendants with the exception of the
25 Governor for failure to timely serve.

26     The service of process on the Governor was defective because the summons did not
27 identify the Defendant being served as required by Rule 4(a)(1)(B) and because the
28 summons was not accompanied by a copy of the complaint as required by Rule 4(c)(1).

1  Accordingly, to the extent the Governor's motion is based on failure to properly serve him
2  with process, the motion is **GRANTED** and the service of process is hereby **QUASHED**.
3  The time under Rule 4(m) for Plaintiff to properly serve the Governor with process is
4  extended until **August 16, 2010.**

5  Last, the Governor argues that the complaint should be dismissed under Rule
6  12(b)(6) or Plaintiff ordered to provide a more definite statement under Rule 12(e). The
7  entirety of the complaint consists of the following; "Per attached July 28, 2008 Claim
8  Notice, Plaintiff requests appointment of counsel. Plaintiff requests leave to amend." The
9  rest of the document consists of an attached claim which had been rejected by the Victim
10 Compensation and Government Claim Board for failure to submit it on the claim form.

11 Rule 8(a)(2) requires "a short and plain statement of the claim showing that the
12 pleader is entitled to relief." This means that, "[t]o survive a motion to dismiss, a
13 complaint must contain sufficient factual matter, accepted as true, to state a claim to relief
14 that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal
15 quotation marks and citations omitted). Although this does not require that the complaint
16 include all facts necessary to carry the plaintiff's burden, it must allege plausible grounds to
17 infer the existence of a claim for relief. *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir.
18 2009). In addition, the complaint must contain "a demand for the relief sought." Fed. R.
19 Civ. P. 8(a)(3). Plaintiff's complaint does not comply with either Rule 8(a)(2) or (3).
20 While the court must liberally construe the pleadings of a *pro se* litigant, "a *pro se* litigant
21 is not excused from knowing the most basic pleading requirements." *Am. Ass'n of*
22 *Neuropathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000). Because
23 Plaintiff's complaint does not contain any factual allegations or state what relief is
24 requested, the Governor's motion to dismiss for failure to state is claim is **GRANTED** and
25 Plaintiff's complaint is **DISMISSED**.

26 Next, the court must consider whether Plaintiff should be granted leave to amend.
27 *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir.
28 2004). Rule 15 advises the court that leave to amend shall be freely given when justice so

1 requires. Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality."
2 *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal
3 quotation marks and citation omitted).

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Of the foregoing factors, the "prejudice to the opposing party . . . carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. Although the Governor opposes granting leave to amend, he has not indicated whether or how he would be prejudiced. Plaintiff is therefore granted leave to amend.

Based on the foregoing, the Governor's motion is **GRANTED** as follows:

1. The complaint is **DISMISSED WITHOUT PREJUDICE** as to all Defendants other than the Governor.

2. The service on the Governor is **QUASHED**. The time for Plaintiff to properly serve the Governor is hereby extended until **August 16, 2010**.

3. The complaint is **DISMISSED WITH LEAVE TO AMEND** as stated above.

4. If Plaintiff chooses to file an amended complaint, he must do so no later than **August 6, 2010**. The remaining Defendant shall respond to the amended complaint within the time set forth in Federal Rule of Civil Procedure 15(a)(3).

**IT IS SO ORDERED**.

DATED: July 8, 2010

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　M. James Lorenz
　　　　　　　　　　　　　　　　United States District Court Judge